**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>KEVIN JARED ROSENBERG,<br><br>　　　　　　Debtor, | CASE NO. 18-35379-cgm<br><br>Chapter 7<br>ADV. PRO. NO. 18-09023-cgm |
| EDUCATIONAL CREDIT MANAGEMENT CORPORATION<br><br>　　　　　　Appellant<br><br>　v.<br><br>KEVIN JARED ROSENBERG,<br><br>　　　　　　Appellee | 7:20-cv-00688-CS |

**OPPOSITION TO MOTION TO APPEAL AN INTERLOCUTORY ORDER**

1

Kevin Rosenberg ("Petitioner" or "Appellee") respectfully submits this response in opposition to ECMC's ("ECMC" or "Appellant") motion for leave to appeal.

## PROCEDURAL HISTORY

Petitioner filed a petition for relief under Chapter 7 of the Bankruptcy Code on March 12, 2018 and received discharge on July 26, 2018. On June 18, 2018, the Petitioner filed an adversary proceeding seeking to discharge certain debts pursuant to 11 U.S.C. § 523(a)(8) (Bk Dkt. 1). On August 27, 2019, Plaintiff filed for summary judgment (Bk. Dkt. 44). On October 8, 2019, ECMC filed a Cross Motion for Summary Judgement and opposition to Petitioner's Motion (Bk. Dkt. 44). On October 22, 2019, Petitioner field his response to ECMC's motion (Bk. Dkt. 53). On November. 19, 2019, ECMC field its supplemental response to Petition's motion (Bk. Dkt. 58). On January 7, 2020, the bankruptcy court issued an its decision in favor of Petitioner (Bk. Dkt. 68). On January 17, 2020 ECMC filed a Notice of Appeal and Statement of Election ("Notice of Appeal" or "Notice"), and a Motion for Leave to Appeal the denial of ECMC's summary judgment motion ("Motion for Leave to Appeal" or "Motion") (Bk. Dkt. 69,70). On January 24, 2020, he bankruptcy court entered final judgment and granted ECMC's motion on (Bk. Dkt. 72, 73). On January 27, 2020, Petitioner submitted a letter to the bankruptcy court requesting leave reconsideration of the order granting ECMC's motion for interlocutory appeal (Bk. Dkt. No. 75). On January 31, 2020, ECMC filed the designation of contents and statement of issues with the bankruptcy court (Bk. Dkt. No. 76).

Appellee's counsel confesses to some confusion as to the posture of the putative appeal. ECMC filed its Notice of Appeal before its Motion for Leave to Appeal (although by only a few minutes), which ordinarily would deprive the bankruptcy court of the jurisdiction to rule on the

2

Motion for Leave to Appeal. However, because both the Notice and Motion were filed before entry of the final judgment, neither the Motion nor the Notice would have been operative until the judgment was entered on January 24, 2020. See Fed. R. Bankr. Pro. 8002(a)(2); *See In re Reifler*, 2018 WL 3212464, at *3 (S.D.N.Y. 2018). On January 24, 2020, the bankruptcy court entered the judgment, and also granted ECMC's Motion for Leave to Appeal. Petitioner thereafter filed a letter with the bankruptcy court requesting leave to move for reconsideration of the Order granting the Motion for Leave to Appeal, which was not taken up by the bankruptcy court. The Notice of Appeal that had been filed in the bankruptcy court was then docketed in this Court on January 24, 2020, along with the Motion for Leave to Appeal—but without the bankruptcy court's Order granting the Motion. Appellee then calculated that this response would be due in this Court 14 days from January 24, 2020. However, on January 31, 2020, ECMC docketed the designation of contents and statement of issues in the bankruptcy court, a filing which should bear the same deadline as Appellee's response to the Motion. Rather than attempting to further unravel what may amount to Appellee's counsel's misreading of the Rules, Appellee has elected to file this response today in this Court.

## **LEGAL STANDARD**

"The standard of review of an interlocutory order of the bankruptcy court under 28 U.S.C. § 158(a) is the standard which governs an interlocutory appeal under 28 U.S.C. § 1292(b)." *In re Hypnotic Taxi LLC*, 2017 WL 1393674, at *3 (Bkrtcy. E.D.N.Y. 2017). § 1292(b) provides for certification of an order for interlocutory appeal when the court determines: "(1) that such order involves a controlling question of law (2) as to which there is a substantial ground for difference of opinion and (3) that an immediate appeal from [that] order may materially advance the ultimate termination of the litigation." *In re Hypnotic Taxi LLC*, 2017 WL 1393674, at *3 (Bkrtcy.

3

E.D.N.Y. 2017). The proponents of an interlocutory appeal have the burden of showing that all three of the substantive criteria are met. *See Casey v. Long Island R.R.*, 406 F.3d 142, 146 (2d Cir.2005). "These three prerequisites create a significant hurdle to certification, and the barrier is only elevated by the mandate that section 1292(b) be 'strictly limited' because 'only exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.' " *McNeil v. Aguilos*, 820 F.Supp. 77, 79 (S.D.N.Y.1993) (Sotomayor, J.). "[E]ven where the three legislative criteria of section § 1292(b) appear to be met, district courts retain unfettered discretion to deny certification if other factors counsel against it." *Transp. Workers Union of Am., Local 100 v. NYC Transit Auth.*, 358 F.Supp.2d 347, 351 (S.D.N.Y.2005) (internal quotation marks omitted) (internal citations omitted).

## ARGUMENT

### I. Defendant has not met the statutory burden under § 158(a)(3) and § 1292(b)

Although ECMC conceded in its notice and motion that the order was nonfinal, ECMC did not address any of the elements under § 1292. *In re Reifler*, 2018 WL 3212464, at *4 (S.D.N.Y., 2018) ("Appellant does not make any arguments grounded in the § 1292(b) elements, and the Court will not construct any arguments on his behalf.") (Seibel, J). Appellee cannot detect any controlling question of law that would be addressed by ECMC 's motion, let alone a controlling question of law that could *only* be independently addressed through the proposed interlocutory appeal rather than the final appeal ECMC has also taken. The bankruptcy court applied Second Circuit precedent to the facts of the case, and discharged Appellee's debt owed to ECMC. *In re Rosenberg*, 2020 WL 130302, at *6 (Bkrtcy.S.D.N.Y. 2020) ("Petitioner has satisfied the *Brunner* test . . . it is hereby ORDERED that Student Loan imposes an undue hardship on the Petitioner and is discharged."). Accordingly, whatever dispute ECMC has with this result must be a factual issue,

which is not suitable for an interlocutory appeal. *Buckskin Realty Inc. v. Greenberg*, 552 B.R. 40, 44 (E.D.N.Y., 2016) ("The question of law must be a 'pure' question that does not require resort to the case docket for study."). *See also Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities* LLC, 2017 WL 4838575, at *3 (S.D.N.Y., 2017). Furthermore, this is a particularly inappropriate factual issue because the bankruptcy court did not make any factual findings as to ECMC's motion. ECMC has no factual record for this Court to review but is rather asking this Court to create a factual record upon which this Court would also exercise appellate jurisdiction. This is not a suitable posture for an interlocutory appeal." *Buckskin Realty Inc. v. Greenberg*, 552 B.R. 40, 45 (E.D.N.Y. 2016) ("In order to reach a conclusion on this question, the court would have to conduct fact-finding."). If this Court reverses the final order of the bankruptcy court, ECMC can then renew its motion for summary judgment. The bankruptcy court will then make findings of established facts. If ECMC prevails, the Petitioner will seek review of that record before this Court.

ECMC has presented no question of law, let alone a controlling question of law, meriting an interlocutory appeal. Rather, ECMC asks this Court to grant its appeal for reasons of judicial economy. But reasons of judicial economy are precisely why interlocutory appeals are disfavored. *Hengjin Sun v. China 1221, Inc.*, 2015 WL 5544257, at *3 (S.D.N.Y.,2015)("[F]ederal practice strongly disfavors discretionary interlocutory appeals [as they] prolong judicial proceedings, add delay and expense to litigants, burden appellate courts, and present issues for decisions on uncertain and incomplete records, tending to weaken the precedential value of judicial opinions."). Whether it is most economical for ECMC is not the economy of first concern. The proposed interlocutory appeal will multiple the pleadings, add delay and expense to Appellee, and further burden this court. Interlocutory appeals are a rare exception for a reason and should not be granted

solely to convenience ECMC. *Id.* at *3 (S.D.N.Y. 2015) ("[A]n interlocutory appeal is 'a rare exception.").

## CONCLUSION

For the foregoing reasons Petitioner requests that this Court deny the Motion.

Dated:  January 31, 2020

Respectfully submitted,

By:    /s *Austin C. Smith*

**SMITH LAW GROUP**
Austin C. Smith,
3 Mitchell Place, Suite 5
New York, NY  10017
917.992.2121

*Counsel for Petitioner-Appellee*

6