

**Law Offices of Kenneth L. Baum LLC**

| 167 Main Street<br>Hackensack, NJ 07601 | 99 Church Street, 4th Floor<br>White Plains, NY 10601 | Phone: 201-853-3030<br>Fax: 201-584-0297<br>kbaum@kenbaumdebtsolutions.com<br>www.kenbaumdebtsolutions.com |
|---|---|---|
| Kenneth L. Baum, Esq. | | |

February 6, 2020

**Via ECF**
Hon. Cathy Seibel, U.S.D.J.
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas Street
White Plains, New York 10601-4150

    Re:    Educational Credit Management Corporation v. Kevin Jared Rosenberg
                Case No. 7:20-cv-00688-CS

Dear Judge Seibel:

       This firm represents Appellant Educational Credit Management Corporation ("ECMC"). We are writing to provide procedural clarity on the pending motion for leave to appeal an interlocutory order, and to request permission to file a substantive reply memorandum to the "Opposition to Motion to Appeal an Interlocutory Order" filed by counsel for Appellee Kevin Jared Rosenberg on January 31, 2020 [Dkt. No. 5].

## Procedural History

       On January 17, 2020, ECMC filed a Notice of Appeal from the Bankruptcy Court's "Memorandum Decision and Order Granting Summary Judgment in Favor of Plaintiff and Discharging Debtor's Student Loans Under 11 U.S.C. § 523(a)(8)" dated January 7, 2020 (the "Original Order"), which granted Mr. Rosenberg's motion for summary judgment and denied ECMC's cross-motion for summary judgment. The granting of Mr. Rosenberg's summary judgment is a final order that ECMC has appealed to the District Court as a matter of right.

       Also on January 17, 2020, ECMC filed a motion for leave to appeal the interlocutory portion of the Original Order – namely, the denial of its cross-motion for summary judgment – pursuant to Fed. R. Bankr. P. 8004 (the "Motion for Leave"). The Motion for Leave was filed in a timely manner and included the contents required by Bankruptcy Rule 8004(b). The Bankruptcy Court clerk transmitted the Notice of Appeal and Motion for Leave to the District Court clerk for docketing, pursuant to Bankruptcy Rule 8004(c). Those documents were then docketed as Dkt. Nos. 1 and 3. As noted above, Mr. Rosenberg filed opposition to the Motion for Leave with the District Court on January 31, 2020.

The procedural confusion in this case stems from two orders issued by the Bankruptcy Court on January 24, 2020.  First, the Bankruptcy Court issued an "Order Granting Summary Judgment in Favor of Plaintiff and Discharging Debtor's Student Loan under 11 U.S.C. § 523(a)(8) (the "Second Order") [Dkt. No. 72 in Bankr. Adv. Pro. No. 18-09023], which provides identical relief to the Original Order [i.e., Dkt. No. 68 in Bankr. Adv. Pro. No. 18-09023].  ECMC appealed from the Original Order prior to the Second Order being issued; however, this is immaterial, because Bankruptcy Rule 8002(a)(2) provides that "a notice of appeal filed after the bankruptcy court announces a decision or order – but before entry of the judgment, order, or decree – is treated as filed on the date of and after the entry."  (The Original Order and Second Order shall collectively be referred to as the "Order.")

The second cause for confusion stems from the fact that the Bankruptcy Court issued an order granting the Motion for Leave [Dkt. No. 73 in Bankr. Adv. Pro. No. 18-09023], despite the mandate under Bankruptcy Rule 8004(c) and (d) that a district court, and not a bankruptcy court, decide a motion for leave to appeal an interlocutory order.  Accordingly, the Bankruptcy Court's order granting the Motion for Leave can be considered an advisory order.

The current procedural posture of the case is that ECMC has timely appealed the Bankruptcy Court's granting of Mr. Rosenberg's summary judgment motion, which is on appeal as a matter of right.  Additionally, ECMC has filed a motion for leave to appeal the interlocutory portion of the Order, and Mr. Rosenberg's counsel has filed a memorandum in opposition.  Therefore, the matter is ripe for a determination by the District Court.

## **The Court Should Grant the Motion for Leave**

ECMC respectfully requests permission to file a substantive reply memorandum on the Motion for Leave to respond to the arguments made by Mr. Rosenberg.  ECMC intends to demonstrate that Mr. Rosenberg's reliance upon the statute governing certification of an interlocutory appeal under 28 U.S.C. § 1292(b) is misplaced.  Here, ECMC is not requesting a Section 1292(b) certification from the District Court.  Rather, ECMC is requesting review of the Bankruptcy Court's denial of its cross-motion for summary judgment based on this Court's inherent discretion to consider the denial of a summary judgment motion, as part of an appeal from the grant of summary judgment, on the same set of facts and issues.  *See Barhold v. Rodriguez,* 863 F.2d 233, 237 (2d Cir. 1987); *American Motorists Ins. Co. v. United Furnace Co., Inc.*, 876 F.2d 293, 302 (2d Cir. 1989); *Gary Friedrich Enterprises, LLC v. Marvel Characters, Inc.*, 716 F.3d 302, 320 (2d Cir. 2013); *Max Arnold & Sons, LLC v. W.L. Hailey & Co., Inc.,* 452 F.3d 494, 505 (6th Cir. 2006); *Peyton v. Reynolds Associates,* 955 F.2d 247, 253 (4th Cir. 1992); and *High Tech Gays v. Defense Indus. Sec. Clearance Office,* 895 F.2d 563, 574 n. 11 (9th Cir. 1990)

Moreover, this Court has the discretion to review the appeal of the Bankruptcy Court's granting of Mr. Rosenberg's motion for summary judgment because the issues presented by both appeals are "inextricably bound."  *Barhold* at 237 (2d Cir. 1987).  The factual record for both appeals, as well as the legal test in which the factual record must be applied, are identical.  The District Court, sitting as a court of appellate review in this case, has the discretion to hear both appeals in the interest of judicial economy.  *Barhold* at 237; *American Motorists* at 302; and *Gary Friedrich Enterprises* at 320.  In addition, the factual record before the District Court on appeal is adequate to review the denial of ECMC's cross-motion for summary judgment.  *See*

*Max Arnold & Sons, LLC,* 452 F.3d at 505 (holding that if the record before the reviewing court is adequate to review the denial of summary judgment, the reviewing court should engage in such review).

Lastly, this Court may also conclude that review of the denial of summary judgment is appropriate based on the principle that interlocutory orders merge into final judgments. *See Jones-Hamilton Co. v. Beazer Materials & Services, Inc.,* 973 F.2d 688, 690 (9th Cir. 1992), *Abend v. MCA, Inc.,* 863 F.2d 1465, 1482, n. 20 (9th Cir. 1988), and *Moran v. Aetna Life Ins. Co.,* 872 F.2d 296, 301 (9th Cir. 1989).  Here, the order denying ECMC's cross-motion for summary judgment is accompanied by a final order disposing of all issues and the record has been sufficiently developed to support a meaningful review of the denied motion.

Based on the foregoing, ECMC respectfully requests that this Court grant its Motion for Leave, or permit ECMC to file a reply memorandum of law in support of its Motion for Leave.

Thank you for Your Honor's consideration.

Respectfully,

*/s/ Kenneth L. Baum*

Kenneth L. Baum

cc: Austin Smith, Esq. (*via* ECF)

3