UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
KEVIN JARED ROSENBERG,

                              Petitioner-Appellee,

      - against -

EDUCATIONAL CREDIT MANAGEMENT
CORP.,

                              Defendant-Appellant.
-------------------------------------------------------------x

**ORDER**

No. 20-CV-688 (CS)

Appearances:

Austin C. Smith
Smith Law Group
New York, New York
*Counsel for Petitioner-Appellee*

Kenneth L. Baum
Law Offices of Kenneth L. Baum
Hackensack, New Jersey
*Counsel for Defendant-Appellant*

Seibel, J.

      Before the Court is the motion of Defendant-Appellant Educational Credit Management Corporation ("ECMC") seeking leave to file an interlocutory appeal of the Bankruptcy Court's denial of its motion for summary judgment. (Doc. 3.) The Court presumes the parties' familiarity with the underlying facts and procedural history of this action but highlights a few facts relevant to the instant motion.

      On January 24, 2020, the Bankruptcy Court ruled on the parties' cross-motions for summary judgment. (Doc. 1 Ex. A ("Bankr. Order").) In the Bankr. Order, the Bankruptcy Court noted that "[t]he parties agree that there are no genuine issues of material fact and that this issue is ripe for summary judgment." (*Id.* at 3.) The Bankruptcy Court held that Petitioner-

Appellee Kevin Jared Rosenberg was entitled to judgment as a matter of law, and he was discharged from his student loan debt owed to ECMC. (*See id.* at 12.) Implicit in the Bankruptcy Court's ruling was a denial of ECMC's summary judgment motion, as the parties cross-moved on the same issue.

Following entry of the Bankr. Order, ECMC appealed as a matter of right the Bankruptcy Court's decision to grant Rosenberg's summary judgment motion. (Doc. 1.) That same day, ECMC filed the instant motion requesting leave to appeal the Bankruptcy Court's denial of ECMC's summary judgment motion. (Doc. 3.) Rosenberg opposed ECMC's request, (Doc. 5), and ECMC filed a reply, (Doc. 11).

"In bankruptcy matters, the district court functions as an appeals court." *In re Homesteads Cmty. at Newtown, LLC*, 526 B.R. 1, 7 (D. Conn. 2014), *aff'd sub nom. Nuevo Pueblo, LLC v. Napolitano* (*In re Nuevo Pueblo, LLC*), 608 F. App'x 40 (2d Cir. 2015) (summary order). Under 28 U.S.C. § 1292(b), an appeals court should grant leave to appeal from an interlocutory order only when "(1) the order involves a controlling question of law (2) as to which there is substantial grounds for difference of opinion and (3) an immediate appeal would materially advance the termination of the litigation." *In re Enron Creditors Recovery Corp.*, No. 01-CV-16034, 2009 WL 3349471, at *5 (S.D.N.Y. Oct. 16, 2009) (internal quotation marks omitted). This standard is applied when a party appeals a Bankruptcy Court order to the District Court, and "[g]enerally, leave to appeal from an interlocutory bankruptcy order will only be granted when 'exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" *Id.* (quoting *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21, 25 (2d Cir. 1990)). But where an appellate court has "jurisdiction

over the grant of summary judgment," it also has "the discretion to review the otherwise unappealable order denying [the opposing party's] cross-motion for summary judgment." *Gary Friedrich Enters., LLC v. Marvel Characters, Inc.*, 716 F.3d 302, 320 (2d Cir. 2013). The appeals court has "discretion to decide [the appealing party's] claim of error in the denial of their summary judgment motion . . . for reasons of judicial economy, realizing that the issues presented by both motions are inextricably bound." *Barhold v. Rodriguez*, 863 F.2d 233, 237 (2d Cir. 1988); *see Am. Motorists Ins. Co. v. United Furnace Co.*, 876 F.2d 293, 302 (2d Cir. 1989) ("Although the denial of AMICO's summary judgment motion was not a final decision of the district court and therefore would not ordinarily be appealable, we have discretion, in the interests of judicial economy, to consider the issue here.").

Because the parties agree that there are no genuine issues of material fact, *see Travelers Cas. & Sur. Co. v. Gerling Glob. Reinsurance Corp. of Am.*, 419 F.3d 181, 190 (2d Cir. 2005) ("Summary judgment in favor of the non-movant can be particularly appropriate [on appeal] where, as here, the factual record has been 'fully developed.'"), and because the issues presented by the parties' cross-motions are "inextricably bound," *Barhold*, 863 F.2d at 237, the Court exercises its discretion to review the Bankruptcy Court's denial of ECMC's motion for summary judgment. Accordingly, ECMC's motion for leave to appeal is GRANTED.

**SO ORDERED.**

Dated: March 4, 2020
      White Plains, New York

                                                                        CATHY SEIBEL, U.S.D.J.