

**Law Offices of Kenneth L. Baum LLC**

| 167 Main Street | 99 Church Street, 4th Floor | Phone: 201-853-3030 |
| Hackensack, NJ 07601 | White Plains, NY 10601 | Fax: 201-584-0297 |
| | | kbaum@kenbaumdebtsolutions.com |
| Kenneth L. Baum, Esq. | | www.kenbaumdebtsolutions.com |

July 27, 2021

<u>Via ECF</u>
Hon. Philip M. Halpern, U.S.D.J.
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas Street
White Plains, New York 10601-4150

      Re:    Educational Credit Management Corporation v. Kevin Jared Rosenberg
               Case No. 7:20-cv-00688-CS

Dear Judge Halpern:

      This firm represents Appellant Educational Credit Management Corporation ("ECMC"). We are submitting this letter in response to the July 21, 2021 letter [Dkt. No. 55] to Your Honor from counsel to Appellee Kevin Jared Rosenberg ("Rosenberg"), regarding the recent decision of the United States Court of Appeals for the Second Circuit in *Homaidan v. Salle Mae, Inc., et al.*, 2021 WL 2964217 (2d Cir. July 15, 2021) ("*Homaidan*").

      First, *Homaidan* is inapposite because it addresses *private* student loans, as opposed to the *federal* student loan held by ECMC in this case. In *Homaidan*, the issue was whether a private educational loan was excepted from discharge in bankruptcy as "an obligation to repay funds received as an educational benefit, scholarship, or stipend," pursuant to 11 U.S.C. § 523(a)(8)(A)(ii). The bankruptcy court held that the private loan at issue did not fit within the definition of that subsection and the Second Circuit, on direct interlocutory appeal, affirmed the bankruptcy court's decision. By contrast, federal student loans are presumptively non-dischargeable pursuant to 11 U.S.C. § 523(a)(8)(A)(i) because they are backed by the government or a nonprofit institution. *Homaidan* addresses this distinction at *3.

      Second, *Homaidan* is inapposite because Rosenberg's complaint alleged that his Stafford student loans (since consolidated and now held by ECMC) were for educational purposes (See ECMC Appendix at p. 41, ¶¶ 7-8). Rosenberg specifically alleged that only his "private loans from Access" were "not eligible for protection as a student loan." (*Id.* at ¶ 9.) Accordingly, whether the loan now held by ECMC was presumptively non-dischargeable under Section 523(a)(8) was never addressed by the bankruptcy court and was improperly raised by Rosenberg for the first time on appeal. (See ECMC's Reply Brief [Dkt. No. 37] at pp. 2-3.)

      Third, regardless which party bears the burden of proof, the uncontroverted evidence in the record is that the student loan held by ECMC was an educational loan. ECMC directs the

Court to pages 5-6 of its Reply Brief for a more detailed argument.

  At Your Honor's request, ECMC will submit a full brief on this issue.  Thank you for Your Honor's consideration.

               Respectfully,

               */s/ Kenneth L. Baum*

               Kenneth L. Baum

cc:  All parties appearing (*via* ECF)